IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

**UNITED STATES OF AMERICA**

v.                                                                    **Magistrate Case No. 5:10-mj-0038**

**ANTHONY SCOTT MILLER**

## ORDER

On Thursday, May 13, 2010, the Court held a preliminary hearing with the United States represented by Assistant United States Attorney Karen B. Schommer and Defendant present, in custody pursuant to a Warrant which had been issued for his arrest, and represented by Assistant Federal Public Defender Edward H. Weis. A Criminal Complaint filed in the United States District Court for the Southern District of Ohio and designated Criminal No. 2:10-mj-292 charges that Defendant "being required to register, did travel in interstate or foreign commerce and knowingly fail to register as required by the Sex Offender Registration and Notification Act (SORNA)" in violation of 18 U.S.C. § 2250(a). The Criminal Complaint includes the Affidavit of Deputy United States Marshal Nicole Ralston. Deputy Marshal Ralston states that in 2003 Defendant was convicted in Ohio of abduction and gross sexual imposition and sentenced to a two year term of imprisonment (Deputy Marshal Ralston's Affidavit, ¶ 4.) On January 6, 2010, Defendant signed a Notice of Registration Duties of Sexually Oriented Offender (SORN) Form in Franklin County, Ohio, notifying Defendant of the requirement that for 25 years he register as a sex offender in each county in Ohio and State where he resides for more than three days within three days after he arrives there and provide verification of his residence every 180 days after his initial registration. (Id., ¶ 5.) On that day, Defendant informed the Franklin County Sheriff's Office that he was moving to an address in North Carolina. (Id.) On January 14, 2010, Defendant registered with the Wayne County, North

Carolina, Sheriff's Office, and on March 23, 2010, he informed that office that he was moving to an address in Columbus, Ohio. (Id., ¶ 6.) Defendant did not contact the Franklin County Sheriff's Office after March, 2010. (Id., ¶ 7.) The United States Marshals Service attempted to make contact with Defendant at the Columbus, Ohio, address and learned that no one there knew or recognized Defendant. (Id., ¶ 8.) The United States Marshals Service contacted a person at another address and learned that Defendant had resided with him from Wednesday, March 24 to Sunday, March 28, 2010. (Id., ¶ 9.) After March 24, 2010, Defendant did not maintain his registration in Ohio or register in any other State, and his whereabouts were unknown. (Id., ¶ 10.) On April 29, 2010, Defendant emailed the United States Marshals Service stating that he was residing in his car in West Virginia. (Id., ¶ 11.) Defendant had not registered as a sex offender in West Virginia. (Id.)

     Deputy United States Marshal Fred Lamey testified at the preliminary hearing substantially in conformity with Deputy Marshal Ralston's Affidavit. Additionally, Deputy Marshal Lamey testified that he arrested Defendant on May 8, 2010, in Beckley, West Virginia, and Defendant consented to a search of his car. Receipts and citations were found in the search which provided information respecting Defendant's travel. They indicated that Defendant was in Washington D.C., for about seven days and received citations for a traffic violation and possession of marijuana. They further indicated that Defendant had been in North Carolina, Virginia and West Virginia. Deputy Marshal Lamey further testified that Defendant waived his rights and spoke with him about these matters. Defendant's counsel, Mr. Weis, raised issues respecting the Notice which Defendant signed on January 6, 2010, the requirement that Defendant register within three days of arriving in each county and State and the four day time period between March 24 to March 28, 2010, when Defendant was in Ohio. The undersigned was unable to determine if there was probable cause to

believe that a crime had been committed and Defendant committed it as alleged in the Criminal Complaint without examining the law requiring sex offenders to register and the Notice Form as Defendant had signed it on January 6, 2010. The undersigned requested that the United States produce a copy of the Notice Form and counsel for the United States, Ms. Schommer, did so promptly. The Form refers to the Ohio statutes requiring convicted sex offenders to register[1], and states that "[y]ou have been convicted of or pleaded guilty to a sexually oriented offense(s) and/or child victim offense(s) as defined in O.R.C. § 2950.01. You are required to register personally with the sheriff of each county in Ohio or any other state in which you reside or are temporarily domiciled for more than 3 days, within 3 days of coming into that county." It appears that Defendant initialed and signed the Form.

18 U.S.C. § 2250(a) provides that "[w]hoever – (1) is required to register under the Sex Offender Registration and Notification Act; (2)(A) * * * (B) travels in interstate or foreign commerce . . . and (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act; shall be fined under this title or imprisoned not more than 10 years or both." 42 U.S.C. § 16913 states the registration requirements for sex offenders as follows:

---

[1] Ohio Revised Code § 2950.03(A) provides that "[e]ach person who has been convicted of, is convicted of, has pleaded guilty to, or pleads guilty to a sexually oriented offense or a child-victim oriented offense and who has a duty to register pursuant to section 2950.04 or 2950.041 of the Revised Code . . . shall be provided notice in accordance with this section of the offender's . . . duties imposed under sections 2950.04, 2950.041, 2950.05, and 2950.06 of the Revised Code and of the offender's duties to similarly register, provide notice of a change, and verify addresses in another state if the offender resides, is temporarily domiciled, attends a school or institution of higher education, or is employed in a state other than this state." Ohio Revised Code §§ 2950.04(A)(2)(a) and 2950.041(A)(2)(a) provide that "[t]he offender shall register personally with the sheriff, or the sheriff's designee, of the county within three days of the offender coming into a county in which the offender resides or temporarily is domiciled for more than three days."

(a) In general

A sex offender shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student. For initial registration purposes only, a sex offender shall also register in the jurisdiction in which convicted if such jurisdiction is different from the jurisdiction of residence.

(b) Initial registration

The sex offender shall initially register –
(1) before completing a sentence of imprisonment with respect to the offense giving rise to the registration requirement; or
(2) not later than 3 business days after being sentenced for that offense, if the sex offender is not sentenced to a term of imprisonment.

©) Keeping the registration current

A sex offender shall, not later than 3 business days after each change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) of this section and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry. That jurisdiction shall immediately provide that information to all other jurisdictions in which the offender is required to register.

It is alleged and evident that Defendant notified North Carolina authorities on Tuesday, March 23, 2010, that he was moving to Columbus, Ohio, and gave a specific address. Defendant traveled from North Carolina to Columbus, Ohio, on Wednesday, March 24, 2010, and resided there until Sunday, March 28, five days, three of which were business days. Apparently, in looking into Defendant's whereabouts sometime later, the United States Marshals Service learned that Defendant had not resided at the address in Columbus, Ohio, which he gave to North Carolina authorities but resided at another address. Defendant left Columbus, Ohio, then and traveled about between March 28 and May 8, 2010, ending up in West Virginia. Though he contacted the United States Marshals Service on April 29, 2010, he did not register as a sex offender anywhere during that 41 day period of time. While it appears that Defendant complied with the registration requirements for keeping his

4

registration current under 42 U.S.C. § 16913©) when he traveled to Ohio because he notified North Carolina authorities that he was moving to Columbus, Ohio, it is evident that he violated the requirements by providing an incorrect address in Columbus, Ohio, and then by not registering as a sex offender in Ohio, West Virginia and elsewhere as he traveled about. For these reasons, the undersigned finds pursuant to Rule 5.1(e) of the Federal Rules of Criminal Procedure that there is probable cause to believe that an offense has been committed and Defendant committed it, specifically a violation of the Sex Offender Registration and Notification Act as alleged in the Criminal Complaint. Accordingly, it is hereby **ORDERED** that Defendant shall appear for further proceedings upon the Criminal Complaint as scheduled hereafter in the United States District Court.

The Clerk is directed to deliver a copy of this Order to counsel of record.

ENTER: May 18, 2010.

R. Clarke VanDervort
United States Magistrate Judge